JUN. 12. 2013  9:07AM    CLAIMS MGRS                                       NO. 319    P. 5

IN THE DISTRICT COURT OF ROGERS COUNTY
STATE OF OKLAHOMA

FILED IN THE DISTRICT
ROGERS COUNTY OKLAHOMA
MAY -2 2013
KIM HENRY, COURT CLERK
DEPUTY

| | |
|---|---|
| TERRY HENRY, | ) |
| Plaintiff, | ) Case No.: CJ-2013-233 |
| v. | ) ATTORNEY LIEN CLAIMED |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; & STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| Defendants. | ) |

## PETITION

COMES NOW the Plaintiff, Terry Henry, by and through his attorney of record, Donald E. Smolen, II, and for his cause of action against the Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, sets forth and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. The Plaintiff is a citizen of Oklahoma residing in Rogers County, Oklahoma.

2. The Defendant, State Farm Mutual Automobile Insurance Company ("State Farm Mutual Automobile") is the managing agent of the State Farm subsidiary companies, including Defendant State Farm Fire and Casualty Company. As such, State Farm Mutual Automobile exercises all functions relevant to State Farm Fire and Casualty Company, including, but not limited to, exchanging insurance contracts for all of the subscribers of the reciprocal or inter-insurance exchange. Defendant State Farm Mutual Automobile thus serves as a reciprocal insurance exchange and as such, is considered a citizen of the State of Oklahoma.

1



3. The Defendant, State Farm Fire and Casualty Company ("State Farm Fire and Casualty"), is a foreign corporation conducting regular business in Rogers County, Oklahoma.

4. The acts, occurrences and omissions complained of herein occurred in Rogers County, Oklahoma.

5. This Court has jurisdiction and venue is proper in Rogers County, Oklahoma.

### FACTS COMMON TO ALL CLAIMS

6. Paragraphs 1-5 are incorporated herein by reference.

7. At all times relevant to the acts and omissions alleged herein, Plaintiff had a 2005 Skeeter ZX250 boat insured under a boatowner's policy with Defendants.

8. In March 2012, Plaintiff noticed that his boat was damaged after taking it out on a lake. The bottom of the boat was damaged due to an apparent collision or something hitting it. This caused the boat to take on a lot of water.

9. Plaintiff took the boat to the store where he purchased it, and was told that the boat was clearly damaged from an impact collision of some kind.

10. Plaintiff then submitted a claim to Defendants under the boatowner's policy at issue.

11. Defendants caused a claims adjuster to come inspect Plaintiff's boat and on April 30, 2012, said adjuster opined that the damage to Plaintiff's boat was due to a "latent defect" in the boat, not the obvious collision/impact damage.

12. On or about May 2, 2012, Defendants then denied Plaintiff's claim under his boatowner's policy.

13. Plaintiff relied on Defendants to properly handle his claim(s) and make payment on the applicable claim(s) pursuant to the aforementioned insurance policy. Plaintiff has met all of the conditions precedent for payment of claims under said insurance policy.

2

14. Defendants have unreasonably failed and refused to pay the benefits under the insurance policy.

CAUSE OF ACTION

15. Paragraphs 1-14 are incorporated herein by reference.

16. In their handling of Plaintiff's claim for benefits under the insurance policy in effect as of May 2, 2012, and as a matter of routing practice in handling similar claims, Defendants breached their contractual obligations as well as their duty to deal fairly and in good faith towards Plaintiff in the following respects:

    a.    Failing to perform an adequate investigation of Plaintiff's claim;

    b.    Failing to fairly and reasonably evaluate facts of liability;

    c.    Intentionally misreading or misconstruing the claims file and policy provisions regarding Plaintiff's claim;

    d.    Creating issues simply to compromise the duty to pay the full amount;

    e.    Designing a scheme not to pay Plaintiff, and others similarly situated, the benefits owed under the Policy;

    f.    Failing to investigate critical facts surrounding Plaintiff's claim under said policy;

    g.    Failing to have knowledge or formal training regarding the terms of their boatowner's policy with Plaintiff;

    h.    Failure to comply with industry standards;

    i.    Failing to reasonably construe the law applicable to Plaintiff's claim(s) and policy;

    j.    Attempting to shift the burden of investigation onto Plaintiff's counsel;

3

    k.    Unreasonably handling Plaintiff's claim causing Plaintiff to institute unnecessary litigation;

    l.    Failing to pay Plaintiff the insurance benefits that he was entitled to under the policy at the time when Defendants knew that the Plaintiff was entitled to those benefits;

    m.    Unreasonably delaying payment of benefits without a reasonable basis;

    n.    Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

    o.    Intentionally and recklessly misapplying the provisions of the insurance policy;

    p.    Using their unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that it owed by virtue of the insurance contract;

    q.    Failing to properly investigate the Plaintiff's claim for benefits;

    r.    Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

    s.    Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff;

    t.    Failing to attempt to act in good faith to effectuate a prompt, fair settlement for Plaintiff's claim;

17.    As a direct result of Defendants' breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of his insurance policy

4

JUN. 12. 2013  9:09AM   CLAIMS MGRS                                NO. 319   P. 9

benefits, mental and emotional distress, anxiety and financial hardship, all of which are in excess of seventy-five thousand dollars ($75,000).

18.  Defendants have acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against Defendants for these actions.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court enter judgment against Defendants and grant him the relief sought including, but not limited to, actual damages in excess of Seventy Five Thousand Dollars ($75,000.00), punitive damages in excess of Seventy Five Thousand Dollars ($75,000.00), costs, pre-judgment interest, post-judgment interest, reasonable attorneys fees, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Donald E. Smolen, II, OBA #19944
Laura Lauth, OBA #22619
Jack Beesley, OBA #30484
701 S. Cincinnati Ave.
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorneys for Plaintiff*